**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMIDIVISION**

NAYRIE SMITH

    **Plaintiff**

    v.

LVNV FUNDING LLC, NATIONAL
CREDIT SYSTEMS, INC., PROCOLLECT,        **CASE NO. 1:25-CV-24739-BB**
INC., EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC., AND
EXPERIAN DATA CORP. D/B/A
EXPERIAN RENTBUREAU

    **Defendants**

_____/

## _UNOPPOSED_ MOTION FOR ENTRY OF JOINT STIPULATION REGARDING CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Experian Information Solutions, Inc. ("Experian") and Experian Data Corp. d/b/a Experian RentBureau "RentBureau" moves this Court for entry of the parties' Stipulation Regarding Confidentiality and [Proposed] Protective Order (the "Stipulation") with Plaintiff and Defendants LVNV Funding LLC ("LVNV") and Equifax Information Services LLC ("Equifax"), attached as Exhibit B, and states:

1. Plaintiff, Experian, RentBureau, LVNV and Equifax have agreed to entry of the Stipulation regarding non-public, private and confidential information in order to facilitate document production.

2. Because discovery and document production will involve disclosure and exchange of confidential and proprietary information, including individual personal identifying information, financial and credit information, and confidential business information, a protective order is

1

necessary to ensure confidentiality and safeguard of the parties' confidential information.

3.      Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court, upon a showing of good cause and as justice may so require, to enter a protective order to limit dissemination of confidential information. Further, "to preserve the confidentiality of sensitive materials, a district court may regulate access to the information by issuing a protective order pursuant to [Federal Rule of Civil Procedure] 26(c)." In re Alexander Grant & Co. Litig., 820F.2d 352, 355 (11th Cir. 1987). The Eleventh Circuit has recognized that "umbrella" protective orders "encourage and simplify the exchanging of large documents, volumes of records and extensive files without concern of improper disclosure." Id. at 356.

4.      Courts routinely grant motions for entry of confidentiality orders governing the production of confidential, proprietary business information. See, e.g., Gov't Employees Ins. Co. v. Clear Vision Windshield Repair, L.L.C., No. 6:16-CV-2077-ORL-28-TBS, 2017 W 1438426, at *7 (M.D. Fla. Apr. 24, 2017); Corcel Corp. v. Ferguson Enterprises, Inc., 291 F.R.D. 680, 682 (S.D. Fla. 2013); Coe v. Beverstein, No. 12-81290-CIV, 2013 WL 12129266, at *1 (S.D. Fla. June 26, 2013). Indeed, at times courts even require parties to submit confidentiality orders to facilitate the production of confidential information. See Gov't Employees Ins. Co. v. Analgesic Healthcare, Inc., No. 8:17-CV-1130-T-27-AAS, 2018 WL 3427874, at *2 (M.D. Fla. July 16, 2018) (ordering parties to enter into a confidentiality agreement to keep bank records confidential during the discovery phase of the litigation); Kettel v. Phillips, No, 14-81310-CIV, 2015 WL 12781036, at *4 (S.D. Fla. Nov. 20, 2015) (ordering the parties to submit a stipulated confidentiality order for entry by the court prior to defendant's production to the extent the defendant objected to revealing the identity of its clients); Sanchez-Knutson v. Ford Motor Co., No. 14-61344-CIV, 2015 WL 11199686, at *2 (S.D. Fla. Oct. 2, 2015) (ordering the parties to submit a stipulated confidentiality

order prior to responding to discovery requests).

5.       Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists to protect certain documents, testimony, discovery responses, and other materials or information produced, or to be produced, in connection with discovery or other disclosure obligations in this case. Such protection is necessary to avoid revealing private personal information and confidential business information, which should not, given applicable circumstances, be revealed to persons or entities outside of this litigation and should be revealed only in a permissible way within this litigation.

6.       Accordingly, Plaintiff, Experian, RentBureau, LVNV and Equifax respectfully requests that the Court enter the Proposed Order attached to this motion as Exhibit A to protect the parties' confidential information from improper disclosure.

<u>**LOCAL RULE 7.1 CERTIFICATION**</u>

The undersigned conferred with all counsel prior to the filing of the Motion pursuant to Local Rule 7.1(a)(3) and hereby confirms that no party objected to the relief requested in this Motion.

Respectfully submitted,

<u>/s/ *Gabriella Pinzon*</u>
Gabriella Pinzon
Jones Day
600 Brickell Ave
Ste 3300
Miami, FL 33131
305-714-9636
Email: gpinzon@jonesday.com

*Counsel for Experian and RentBureau*

3